■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLLAND L. RIVERS, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered October 31, 1977, which revoked defendant's prior sentence of probation, imposed following his conviction of the crime of criminal possession of a controlled substance in the seventh degree, and resentenced him to a definite six-month period of incarceration. At the conclusion of a hearing conducted on March 29, 1977, the sentencing court found the defendant had violated one of the terms of a probationary sentence previously imposed on him in that, during the period of probation, he had been convicted of the traffic infraction of operating a motor vehicle while his ability to do so was impaired by the consumption of alcohol. The matter was adjourned on May 31, 1977 and June 24, 1977, but when it next came before the court on October 31, 1977, defendant's probation was revoked and he was resentenced upon his original misdemeanor drug possession conviction to a definite six-month period of incarceration. Defendant does not question the propriety of the finding that he violated a condition of his probation. Instead, he limits his appeal to claims that the revocation thereof was improper and that the sentence ultimately imposed was unduly harsh. Since we agree with his former contention, we do not presently consider the assertion of excessive sentence. On May 31, 1977 the sentencing court indicated it would ask the probation department for an updated report on defendant's background. On June 24, 1977, following a discussion with a representative of the probation department, it noted a recommendation against incarceration and further adjourned the matter "with the violation and the admission hanging over his head, which means that in the event he gets in any difficulty, it's just a question of sentencing." When defendant last appeared before the court on October 31, 1977, his subsequent arrest for disorderly conduct and guilty plea to some other charge during the intervening period was mentioned. It undoubtedly played some part in the court's decision to revoke probation and incarcerate the defendant. Only three courses of action were open to the sentencing court upon a finding that the defendant had violated a condition of his probation: it could revoke, continue or modify that sentence (CPL 410.70, subd 5). No reason has been advanced to justify its delay in selecting one of those options after June 24, 1977, and even if it is assumed that the protracted delay in making such a decision was not itself improper, it is readily apparent that the basis for its final determination had little or nothing to do with the initial violation. Probation cannot be revoked except upon a finding of a violation after the defendant has had an opportunity to be heard (CPL 410.70, subd 1), and since it is not possible to say whether revocation would have been the court's decision apart from defendant's intervening activities it follows that the judgment must be reversed and the matter remitted to the sentencing court for further proceedings consistent with this decision. Judgment reversed, on the law and the facts, and matter remitted to County Court of Warren County for further proceedings not inconsistent herewith. Mahoney,

P. J., Kane and Staley, Jr., JJ., concur; Main and Larkin, JJ., dissent and vote to affirm in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. The majority would force the sentencing court to follow one of three courses of action immediately upon a finding that a defendant has been guilty of a violation of a term or condition of his probation. We can perceive numerous circumstances and situations where a delay in disposition, consented to by the defendant, would be useful and in the furtherance of justice. Countless factors, some foreseeable and some not, come into play in the sentencing process and delay, consented to by the defendant and effected with reason, should not be precluded. CPL 410.70 does not, in our view, mandate instant final disposition. The revocation of probation, like the grant thereof, should be based upon the exercise of sound judicial discretion. We should not interfere unless a clear abuse of that discretion has been demonstrated. All that is shown here is delay which was consented to and which may well have occurred for good reason. The judgment should be affirmed.